IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


KIMBERLY R. BOEN,                          6:13-CV-01152-BR

        Plaintiff,                         OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,[1]

        Defendant.


RICHARD F. MCGINTY
McGinty & Belcher, PC
P.O. Box 12806
Salem, OR 97309
(503) 371-9636

        Attorneys for Plaintiff

_____

        [1] Carolyn W. Colvin became the Acting Commissioner of Social
Security on February 14, 2013.  Pursuant to Rule 25(d) of the
Federal Rules of Civil Procedure, Carolyn W. Colvin should be
substituted for Michael J. Astrue as Defendant in this case.  No
further action need be taken to continue this case by reason of
the last sentence of Section 205(g) of the Social Security Act,
42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**LARS J. NELSON**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2909

        Attorneys for Defendants

**BROWN, Judge.**

Plaintiff Kimberly R. Boen seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the Commissioner's final decision and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her applications for SSI and DIB on April 3, 2009, and alleged a disability onset date of November 19, 2007.  Tr. 159, 163.[2]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on November 17, 2011.  Tr. 47-83.  Plaintiff was represented by an attorney at the hearing.  Plaintiff and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on December 7, 2011, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 30-41.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on June 26, 2013, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on February 13, 1975.  Tr. 84.  Plaintiff was 36 years old at the time of the hearing.  Plaintiff has a high-school education.  Tr. 51.  Plaintiff has past relevant work experience as an accounts-receivable clerk, cashier, fast-food worker, and title clerk.  Tr. 39.

Plaintiff alleges disability due to anxiety, depression, and

---

[2]  Citations to the official transcript of record filed by the Commissioner on November 26, 2013, are referred to as "Tr."

3 - OPINION AND ORDER

"severe pain."   Tr. 179.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.   After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.   *See* Tr. 35-38.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability.   *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).   To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. § 423(d)(1)(A).   The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.   *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.   42 U.S.C. § 405(g).   *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).   Substantial evidence is

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful

activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p,

6 - OPINION AND ORDER

at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged

7 - OPINION AND ORDER

in substantial gainful activity since her November 19, 2007, alleged onset date.  Tr. 32.

At Step Two the ALJ found Plaintiff has the severe impairments of obesity, chronic pain syndrome, depression, anxiety, meralgia paresthetica "due to obesity," and degenerative joint disease of the left ankle post-injury and repair.  Tr. 32. The ALJ found Plaintiff's bipolar disorder, vomiting, "status post laparoscopic cholecystectomy to treat chronic calculus cholecystitis," "trochanteric/hip bursitis," lumbar disc herniation, and "essential hypertension" are not severe impairments.  Tr. 32.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 33.  The ALJ found Plaintiff can perform sedentary work.  Tr. 34.  The ALJ found Plaintiff can occasionally climb ramps and stairs; stoop, kneel, crouch, and operate foot controls; and frequently balance.  The ALJ found Plaintiff should never crawl; have concentrated exposure to vibration or hazards; or climb ladders, ropes, or scaffolds. Tr. 34.  The ALJ concluded Plaintiff is "limited to unskilled work with superficial interaction with the public and co-workers and no close cooperation or coordination."  Tr. 34.

At Step Four the ALJ concluded Plaintiff is not capable of performing her past relevant work.  Tr. 321.

At Step Five the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 321. Accordingly, the ALJ found Plaintiff is not disabled.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly failed to include in Plaintiff's RFC limitations identified by Bill Hennings, Ph.D., reviewing psychologist and (2) improperly gave "no weight" to the August 2010 opinion of treating psychologist Todd Overman, Ph.D.

**I.   The ALJ erred when he failed to include in his assessment of Plaintiff's RFC the limitations assessed by Dr. Hennings.**

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

9 - OPINION AND ORDER

Plaintiff contends the ALJ erred when he did not include a limitation in Plaintiff's RFC for Plaintiff's assessed difficulties in maintaining concentration, persistence, or pace. Specifically, Plaintiff points out that Dr. Hennings opined in his June 2009 Psychiatric Review Technique (PRT) form that Plaintiff has moderate "difficulties in maintaining concentration, persistence, or pace." Tr. 378. Similarly, Dr. Hennings noted in the "Summary Conclusions" section of his Mental Residual Functional Capacity Assessment (MRFCA) that Plaintiff is moderately limited in her "ability to maintain attention and concentration for extended periods." Tr. 382. The ALJ, however, did not include any limitations on concentration, persistence, or pace in Plaintiff's RFC.

Defendant, however, asserts Dr. Hennings's limitations on Plaintiff's attention and concentration were properly incorporated in the ALJ's limitation of Plaintiff to unskilled work. Specifically, Defendant notes the term "unskilled work" is defined in the Social Security Regulations as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a), 416.968(a). In addition, Defendant notes Dr. Hennings stated in the "Functional Capacity Assessment" portion of Plaintiff's MRFCA that Plaintiff "would be capable of understanding, remembering and carrying out simple, routine tasks and directions with no

indication for the need or special supervision of difficulty

adhering to a schedule."  Tr. 384.  The Court rejected this

argument in *Berjettej v. Astrue*, 09-CV-892-BR, 2010 WL 3056799

(D. Or. July 30, 2010).  In that case the Court adopted the

reasoning of a number of courts in the District of Oregon and the

Ninth Circuit:

> The District of Oregon and the Ninth Circuit [have
> held] PRTF findings relating to concentration,
> persistence, or pace must be included in the
> hypothetical posed to the VE in some manner, and
> that a hypothetical that includes a limitation to
> "simple" work does not address deficiencies in
> concentration, persistence, or pace.  *Abrego v.
> Commissioner*, No. CIV. 99-6173-JO, 2000 WL 682671,
> at *2-3 (D. Or. May 25, 2000) (ALJ's PRTF finding
> that plaintiff was often limited by deficiencies
> of concentration, persistence, or pace not
> included in hypothetical which included "simple
> repetitive" types of jobs (citing *Newton v.
> Chater*, 92 F.3d 688 (8th Cir. 1996)); *Clemens v.
> Massanari*, No. CV 00-6204-KI, 2001 WL 34043764, at
> *11 (D. Or. May 17, 2001) (ALJ's PRFT finding that
> claimant had deficiencies of concentration,
> persistence, or pace often resulting in failure to
> timely complete tasks not included in hypothetical
> limiting claimant to "simple, unskilled tasks"
> because it did not inform VE of deficiencies of
> concentration, persistence, or pace); *cf. Davis v.
> Massinari*, No. Civ. 00-6211-FR, 2001 WL 34043759,
> at *8-9 (D. Or. Aug. 15, 2001), *aff'd*, 71 Fed.
> Appx. 664 (9th Cir. 2003)(hypothetical which
> included moderate limitations in nearly all mental
> activities requiring sustained concentration and
> persistence, including maintaining attention and
> concentration for extended period; understanding,
> remembering, and carrying out detailed
> instructions; and sustaining an ordinary routine
> without special supervision, satisfied finding by
> ALJ in PRTF that claimant experienced deficiencies
> in concen-tration, persistence, or pace often
> resulting in failure to complete tasks (citing
> *Newton v. Chater*, 92 F.3d 688 (8th Cir. 1996));

> *Williams v. Apfel*, No. CIV. 00-6150-KI, 2001 WL
> 204811, at *5 (D. Or. Jan. 26, 2001)(hypothetical
> that claimant limited to unskilled or semi-skilled
> work due to difficulties with concentration and
> attention satisfied the ALJ's finding on the PRTF
> (citing *Brachtel v. Apfel*, 132 F.3d 417 (8ᵗʰ Cir.
> 1997)), *aff'd*, 42 Fed. Appx. 935 (9ᵗʰ Cir. 2002));
> *Swenson v. Commissioner*, No. CIV. 99-6188-KI, 2000
> WL 486753, at * (D. Or. Apr. 26, 2000)
> (hypothetical which included limitation that
> person could not concentrate on complex tasks
> supported by substantial evidence where ALJ
> completed PRFT finding claimant often had
> deficiencies of concentration, persistence, or
> pace); *see Thomson*, 2001 WL 213758, at *11
> (Commissioner conceded that ALJ's failure to
> include mental limitations assessed by state
> agency non-examining physician who concluded that
> claimant was moderately limited in certain mental
> activities in hypothetical to VE, and ALJ's
> failure to include own PRTF finding that claimant
> experienced deficiencies of concentration,
> persistence, or pace often resulting in a failure
> to timely complete tasks in work settings or
> elsewhere, required reversal; matter remanded so
> that ALJ could consider claimant's functional
> limitations of concen-tration, persistence, and
> pace and degree of such limitations). . . .
> Accordingly, the hypothetical posed by the ALJ to
> the VE here does not include all of plaintiff's
> limitations and is not supported by substantial
> evidence.

*Id.*, at *7 (quoting *Mudgett v. Astrue*, No. 07-CV-485-CL, Findings

and Recommendation at 11-13 (D. Or. Apr. 11, 2008), adopted

May 1, 2008).

Accordingly, the Court concludes the ALJ erred when he

failed to address Dr. Hennings's opinion as to Plaintiff's

moderate difficulties maintaining concentration, persistence, or

pace and did not include such limitations in Plaintiff's RFC or

in his hypothetical to the VE.

12 - OPINION AND ORDER

Accordingly, the Court remands this matter to the ALJ for
consideration of Dr. Hennings's opinion as to Plaintiff's
functional limitations of concentration, persistence, and pace
and the degree of such limitations.

**II.  The ALJ erred when he gave "no weight" to the opinion of
Dr. Overman.**

Plaintiff contends the ALJ erred when he gave "no weight" to
the opinion of Dr. Overman, treating psychologist.

An ALJ may reject a treating physician's opinion when it is
inconsistent with the opinions of other treating or examining
physicians if the ALJ makes "findings setting forth specific,
legitimate reasons for doing so that are based on substantial
evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957
(9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751
(9th Cir. 1989)).  When the medical opinion of an examining or
treating physician is uncontroverted, however, the ALJ must give
"clear and convincing reasons" for rejecting it.  *Thomas*, 278
F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th
Cir. 1995).

On August 8, 2010, Dr. Overman completed a Mental Impairment
Questionnaire in which he diagnosed Plaintiff with bipolar
disorder and post-traumatic stress disorder (PTSD).  Tr. 411.
Dr. Overman opined Plaintiff had a "very poor" ability to work
eight hours per day and/or forty hours per week and would need to
work at a reduced pace.  Tr. 414.  Dr. Overman opined Plaintiff

13 - OPINION AND ORDER

was "extremely limited" in her ability to maintain regular

attendance, to accept instructions, to respond appropriately to

criticism from supervisors, to get along with coworkers or peers,

and to "deal with normal work stress."  Tr. 416-17.  Dr. Overman

also opined Plaintiff was markedly limited in her ability to

maintain attention "for [a] two hour segment," to work in

coordination with others, to complete a normal workday and/or

work week, to perform at a consistent pace "without an

unreasonable number and length of rest periods," to ask simple

questions, to respond appropriately to changes "in a routine work

setting," and "to be aware of normal hazards and [to] take

appropriate precautions."  Tr. 416-17.  Dr. Overman stated

Plaintiff had "extreme" difficulties in maintaining social

functioning and marked restriction of activities of daily living.

Tr. 417.  Dr. Overman indicated Plaintiff had "three episodes of

decompensation within 12 months, each at least two weeks long,"

and "a residual disease process that has resulted in such

marginal adjustment that even a minimal increase in mental

demands or change in the environment would be predicted to cause

the individual to decompensate."  Tr. 418.  The ALJ gave "no

weight" to Dr. Overman's opinion on the ground that, among other

things, it was not supported by evidence in the record.  For

example, although Dr. Overman indicated Plaintiff had suffered

three episodes of decompensation within 12 months, each at least

two weeks long, the record does not reflect Plaintiff had been

hospitalized for psychiatric care at any point before

Dr. Overman offered his opinion in August 2010.  In addition,

Dr. Hennings specifically noted the record did not reflect that

Plaintiff had experienced any episodes of decompensation.

Tr. 379.  Similarly, contrary to Dr. Overman's finding that

Plaintiff suffers extreme limitations in her social functioning,

the record reflects Plaintiff worked as a nanny for several

months after her onset date.

The ALJ, however, also rejected Dr. Overman's opinion on the

ground that it was not supported by his treatment notes and that

the record "suggests [Dr. Overman's] opinion is entirely based on

[Plaintiff's] self reports."[3]  Tr. 37-38.  The record, however,

does not contain any of Dr. Overman's treatment notes.  Defendant

contends Plaintiff had the burden to produce Dr. Overman's

treatment records to the ALJ because claimants have the burden to

prove disability and to "bring to [the ALJ's] attention

everything that shows [she] is disabled."  20 C.F.R.

§§ 404.1512(a), 416.912(a).  The Court agrees Plaintiff has the

burden to establish disability and notes Plaintiff's counsel did

not state at the hearing that the record did not include

---

[3] The ALJ rejected Plaintiff's testimony, and Plaintiff does
not challenge that aspect of the ALJ's opinion.  Accordingly, the
ALJ did not err when relied on the fact that he rejected
Plaintiff's testimony as a basis for rejecting the opinion of
Dr. Overman.

Dr. Overman's treatment notes.  Nevertheless, the Commissioner

has an affirmative "duty to fully and fairly develop the record

and to assure that the claimant's interests are considered . . .

even when the claimant is represented by counsel."  *Celaya v.*

*Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003).  When important

medical evidence is incomplete, the ALJ has a duty to recontact

the provider for clarification.  20 C.F.R. §§ 404.1527(c)(2),

416.927(c)(2).  Even though the burden to demonstrate a

disability lies with the claimant, "it is equally clear the ALJ

has a duty to assist in developing the record."  *Reed v.*

*Massanari*, 270 F.3d 838, 841 (9th Cir. 2001)(quotation omitted;

citing 20 C.F.R. §§ 404.1512(d)-(f), 416.912(d)-(f)).  Here the

ALJ specifically concluded Dr. Overman's opinion was not

supported by his treatment records and speculated that

Dr. Overman relied on Plaintiff's self-reports, which is

troubling in light of the fact that it does not appear

Dr. Overman's treatment notes were before the ALJ.  The Court,

therefore, concludes the ALJ erred when he failed to develop the

record by requesting Dr. Overman's treatment notes.

Accordingly, the Court concludes on this record that the ALJ

erred when he gave "no weight" to the opinion of Dr. Overman

because the ALJ did not provide clear and convincing reasons

supported by substantial evidence in the record for doing so.

**REMAND**

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

On this record the Court concludes further proceedings are necessary because it is not clear whether the ALJ would have found Plaintiff disabled if he had considered Dr. Hennings's

17 - OPINION AND ORDER

opinion as to Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace and whether the ALJ would reject Dr. Overman's opinion if he had reviewed Dr. Overman's treatment records.

Based on the foregoing, the Court concludes a remand for further proceedings consistent with this Opinion and Order is required to permit the ALJ (1) to consider Dr. Henning's assessment of Plaintiff's limitations in concentration, persistence, and pace; (2) to request and to review Dr. Overman's treatment records; and (3) to reevaluate Dr. Overman's opinion based on his treatment records to determine whether Plaintiff is disabled.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 25th day of June, 2014.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

18 - OPINION AND ORDER